### SIMON v. TOYE BROS. YELLOW CAB CO.
### No. 14522.

Court of Appeal of Louisiana. Orleans.

Feb. 12, 1934.

John P. Sullivan and David Sessler, both of New Orleans, for appellant.

Edw. M. Robbert and Michel Musson, both of New Orleans, for appellee.

WESTERFIELD, Judge.

Rosa Simon, an aged negress, was injured by contact with a taxicab, and brought this suit for damages against Toye Bros. Yellow Cab Company, the operators of the taxicab.

According to plaintiff, who was a vendor of garden truck, she was struck while standing on the sidewalk with a basket of vegetables on her head. The defendant claims that she walked into the side of the taxicab while it was in motion. The conflicting testimony in the record was resolved by the trial court in plaintiff's favor and a judgment for $150 awarded her. Defendant has appealed.

We see no reason to disturb the finding of the judge a quo, because, in addition to the respect due a finding of fact by a trial court, his conclusion in this instance is in accord with the probabilities. For example, the taillight on the taxicab was knocked off, a circumstance which is explained by plaintiff's witness as having been due to contact by the rear of the taxicab with a post on the sidewalk, near where the plaintiff was standing, and by defendant's witnesses as having been knocked off by the basket falling from the plaintiff's head after she had walked into the side of the taxicab. The plaintiff's version of this incident is certainly the more plausible one, as is also her contention that she was struck by the taxicab while on the sidewalk, when contrasted with the proposition advanced by defendant to the effect that she deliberately walked into the side of the passing taxicab.

The amount awarded plaintiff is attacked on the ground that it is excessive, and her injuries do not appear to have been severe. She suffered contusions of the hand and right arm, and was confined to her home for several weeks. She claims that she can no longer peddle vegetables because of permanent disabilities resulting from the accident. There is, however, nothing to support this last contention but her own statement, uncorroborated by any medical testimony, and this is insufficient to establish the fact of permanent injury. She did suffer some loss of earnings, and, while no very serious injuries have been proven, the amount awarded is quite modest.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.